*John B. Odum*, contra.

---

16244. NEW YORK LIFE INSURANCE COMPANY v. COBB.

STEPHENS, J. 1. Where an applicant for life insurance stated in his application that the only disease from which he had suffered was an attack of neuralgia from the teeth about four years prior to the date of the application, which attack lasted for three days and was moderate, and that he had completely recovered therefrom, that he was treated for such disease by a named physician, the only physician who had treated him, when in fact the ailment from which he had suffered was designated by the attending physician as "facial paralysis," from which he completely recovered after having all his teeth extracted, and when in

---

Appeal and Error, 4 C. J. p. 996, n. 68.
Life Insurance, 37 C. J. p. 645, n. 13.

fact the physician named had examined him eight or ten times during a period of about four years, and at one time had found that he showed symptoms of an abnormally high blood pressure, which might have been brought on from the condition of the teeth or from overeating or over-work, or from kidney trouble, and that the physician had warned him that unless he followed a diet he might suffer from apoplexy, and where in fact none of the examinations showed kidney trouble, or any other trouble than as indicated above, it can not be held as a matter of law that the applicant, in his application for insurance, misrepresented material facts.

2. Although a witness for the defendant may have testified as to the good character of the insured without the foundation having been formally laid for such testimony, yet where the extent of the knowledge of the witness as to the character of the insured appears from the evidence, the admission of his testimony that the character of the insured was good, if error, was harmless to the defendant. The probative value of such evidence was for the jury.

3. The evidence authorized a finding that the testimony of another physician, which was favorable to the defendant, had been impeached, and also authorized the verdict found for the plaintiff. No error of law appears.      *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1926.  REHEARING DENIED FEBRUARY 25, 1926.

Complaint; from Cherokee superior court—Judge Blair. December 5, 1924.

Application for certiorari was denied by the Supreme Court.

*Bryan & Middlebrooks, Howell Brooke, Louis H. Cooke,* for plaintiff in error.

*Wood & Vandiviere,* contra.